UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEVIN NELSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>POLARIS INDUSTRIES, INC.,<br><br>　　　　　　Defendant. | 4:22-cv-4143<br><br><br>PLAINTIFF'S COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

Plaintiff Devin Nelson, through counsel, for his Complaint and Demand for Jury Trial against Defendant Polaris Industries, Inc., states:

### Parties

1. Plaintiff Devin Nelson ("Devin") is, and at all relevant times was, a resident of Sioux Falls, South Dakota.

2. Upon information and belief, Defendant Polaris Industries, Inc. ("Polaris") is a company organized and with its principal place of business outside the State of South Dakota. Upon information and belief, Polaris is a Delaware corporation with its principal place of business in Medina, Minnesota.

### Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the damages at issue exceed $75,000.

4. This Court is the proper venue under 28 U.S.C. § 1391(b)(2).

## Statement of Facts

5. Polaris is a company that prepares, designs, develops, manufactures, assembles, packages, markets, distributes, and sells outdoor recreational vehicles, including all-terrain vehicles, throughout the United States, including South Dakota.

6. On or about August 20, 2021, Devin rented a 2021 Ranger 1000 that was prepared, designed, developed, manufactured, assembled, packaged, marketed, distributed, and sold by Polaris ("the ATV").

7. The ATV had the following Vehicle Identification Number: 4XATAE997M8391302.

8. The ATV was sold by Polaris to a South Dakota business that held itself out as a business that rented out all-terrain vehicles and/or used all-terrain vehicles in South Dakota.

9. The ATV was owned and maintained by ABPetersen Rentals, LLC d/b/a Mad Mountain Adventures, a South Dakota limited liability company with its principal place of business in Lead, South Dakota.

10. On or about August 20, 2021, Devin was operating the ATV on trails in the Black Hills of South Dakota with his girlfriend and family members.

11. Devin was operating the ATV on the trails in a reasonable manner.

12. As Devin was operating the ATV, he took his foot off of the throttle pedal, but the ATV did not react as it should in that it failed to decelerate as it otherwise should have.

13. The ATV did not reduce speed and was flipped onto its left side because it did not slow down.

14. The ATV landed on top of Devin when it flipped, pinning him underneath and causing Devin to sustain severe and permanent personal injuries.

4:22-cv-
Plaintiff's Complaint and Demand for Jury Trial

15. Polaris issued an "Important Safety Recall" notice to consumers about 2020-2021 models of Ranger 1000 and Ranger XP 1000 off-road vehicles, like the ATV ("the Notice").

16. Specifically, the Notice states that "affected units were manufactured with throttle pedals that can return to the idle position more slowly than anticipated once the operator releases the pedal or can stick in the depressed position."

17. This defect "can cause the driver to lose control of the vehicle, posing a crash hazard and the risk of serious bodily injury."

18. The ATV Devin operated on or about August 20, 2021, is subject to the Notice and safety recall and, as of June 22, 2022, it had not been fixed according to Polaris's own Off-Road Vehicle Recalls – VIN Search.[1]

19. The ATV Devin operated on or about August 20, 2021, was prepared, designed, developed, manufactured, assembled, packaged, marketed, distributed, and sold by Polaris with a defective throttle pedal that either returned to the idle position more slowly than anticipated once the operator released the pedal or stuck in a depressed position after the operator released the pedal.

20. This defect can, and did, cause the ATV to lose control and crash, resulting in severe and permanent bodily injuries to Devin.

21. As a direct and proximate result of the ATV's defective throttle pedal, Devin sustained damages, including, but not limited to: severe physical, mental, and emotional injuries; past, present, and future pain and suffering; past, present, and future mental and emotional distress;

---

[1] A true and correct copy of the ATV's VIN search for the safety recall is attached hereto as Exhibit 1.

3

4:22-cv-
Plaintiff's Complaint and Demand for Jury Trial

permanent impairment; bodily disfigurement; lost wages; and loss of earning capacity. As a result of his injuries, Devin has incurred, and will continue to incur, significant medical expenses, which presently exceed $500,000.

## Count 1
*Negligence*

22. Devin restates the preceding paragraphs of this Complaint as though fully set forth herein.

23. At all relevant times, Polaris had a duty to exercise the amount of care in its design, manufacture, testing, and inspection of all-terrain vehicles, including the ATV, that a reasonably careful manufacturer would use in similar circumstances to avoid exposing others, including Devin, to a foreseeable risk of harm.

24. Polaris's duty included incorporating such design, manufacture, testing, inspection, and safety measures as were necessary to prevent the throttle pedal from returning to the idle position more slowly than anticipated once the operator released the pedal or sticking in a depressed position after the operator released the pedal.

25. At all times relevant to this action, Polaris knew or reasonably should have known that the 2020-2021 models of Ranger 1000 and Ranger XP 1000 off-road vehicles, including the ATV, were defective and potential harm was likely and foreseeable when used as directed and as designed.

26. Based on the known events, established by the Notice and otherwise, Polaris breached its duty and was otherwise negligent, including, but not limited to, in one or more of the following respects:

4

a. In designing and manufacturing the 2020-2021 models of Ranger 1000 and Ranger XP 1000 off-road vehicles, including the ATV, with defective throttle pedals that returned to the idle position more slowly than anticipated once the operator released the pedal or stuck in a depressed position after the operator released the pedal.

b. In failing to design and manufacture the 2020-2021 models of Ranger 1000 and Ranger XP 1000 off-road vehicles, including the ATV, in a way that fairly meets the uses for which they were directed, designed, and reasonably anticipated.

c. In failing to conduct the research, tests, and inspections necessary to determine that the throttle pedals were defective in that they returned to the idle position more slowly than anticipated once the operator released the pedal or stuck in a depressed position after the operator released the pedal.

d. In failing to conduct the research, tests, and inspections necessary to determine that the use of the 2020-2021 models of Ranger 1000 and Ranger XP 1000 off-road vehicles, including the ATV, were dangerous to consumers and users, including Devin, when being used as directed, designed, and reasonably anticipated.

e. In failing to give adequate warning to consumers and users, including Devin, of known or reasonably anticipated dangers of the 2020-2021 models of Ranger 1000 and Ranger XP 1000 off-road vehicles, including the ATV, when such injuries were reasonably anticipated if an adequate warning was not given.

4:22-cv-
Plaintiff's Complaint and Demand for Jury Trial

27. As a direct and proximate result of Polaris's negligence, Devin sustained damages, including, but not limited to: severe physical, mental, and emotional injuries; past, present, and future pain and suffering; past, present, and future mental and emotional distress; permanent impairment; bodily disfigurement; lost wages; and loss of earning capacity. As a result of his injuries, Devin has incurred, and will continue to incur, significant medical expenses, which presently exceed $500,000.

## Count 2
### *Strict Product Liability*

28. Devin restates the preceding paragraphs of this Complaint as though fully set forth herein.

29. Polaris prepared, designed, developed, manufactured, assembled, packaged, marketed, distributed, and sold the defective ATV.

30. In particular, the ATV was defective in that its throttle pedal either returned to the idle position more slowly than anticipated once the operator released the pedal or stuck in a depressed position after the operator released the pedal, which defect could cause the driver to lose control of the vehicle, posing a crash hazard and risk of serious bodily injury, making it unreasonably dangerous to the user.

31. The ATV was designed and expected to be used by consumers and users, including Devin, to perform the types of activities in which Devin was engaged at the time of the incident.

32. The ATV was in a defective condition and unreasonably dangerous to users and consumers, including Devin, because it was not reasonably fit for its ordinary and reasonably foreseeable purposes for which it was sold, manufactured, and expected to be used.

33. The ATV was defective when it left Polaris and was expected to, and did, reach Devin without a substantial unforeseeable change in the condition the ATV was in when it left the control of Polaris.

34. Polaris could have designed, developed, and manufactured the ATV so that the throttle pedal returned to the idle position as anticipated once the operator released the pedal without significantly hindering its function or increasing its price.

35. Polaris could have designed, developed, and manufactured the ATV so that the throttle pedal did not stick in a depressed position after the operator released the pedal.

36. Polaris's failure to design, develop, and manufacture the ATV to decelerate when the throttle pedal is released renders the ATV not reasonably safe for its ordinary and reasonably foreseeable purposes for which it was sold, manufactured, and expected to be used.

37. As a direct and proximate result of the ATV's defective condition, Devin sustained damages, including, but not limited to: severe physical, mental, and emotional injuries; past, present, and future pain and suffering; past, present, and future mental and emotional distress; permanent impairment; bodily disfigurement; lost wages; and loss of earning capacity. As a result of his injuries, Devin has incurred, and will continue to incur, significant medical expenses, which presently exceed $500,000.

38. Polaris is strictly liable to Devin for all injuries and damages he sustained as a result of the ATV's defective condition.

4:22-cv-
Plaintiff's Complaint and Demand for Jury Trial

## Request for Relief

Devin respectfully requests the following relief:

1. That this Court enter judgment in Devin's favor.

2. An award of damages plus prejudgment interest thereon.

3. An award of attorneys' fees and costs as allowed by law.

4. Such other further relief as may be just and proper under the circumstances.

## Demand for Jury Trial

Devin respectfully demands a trial by jury on all issues so triable.

Dated: October 21, 2022

                                                FULLER, WILLIAMSON, NELSEN
                                                & PREHEIM, LLP

                                                */s/ Molly K. Beck*
                                                Derek A. Nelsen
                                                Eric T. Preheim
                                                Molly K. Beck
                                                7521 South Louise Avenue
                                                Sioux Falls, SD 57108
                                                (605) 333-0003
                                                dnelsen@fullerandwilliamson.com
                                                epreheim@fullerandwilliamson.com
                                                mbeck@fullerandwilliamson.com
                                                *Attorneys for Plaintiff*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Devin Nelson

## DEFENDANTS
Polaris Industries, Inc.

(b) County of Residence of First Listed Plaintiff: State of South Dakota
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: State of Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Derek Nelsen, Eric Preheim, and Molly Beck
Fuller, Williamson, Nelsen & Preheim, LLP
7521 S. Louise Ave., Sioux Falls, SD 57108; (605) 333-0003

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Plaintiff alleges negligence and products liability causes of action against Defendant.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 10/21/2022
SIGNATURE OF ATTORNEY OF RECORD: *Molly Beck*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____